**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Ghislain Alyre Lucien Joseph Breton

    v.                                          Civil No. 13-cv-136-SM

Internal Revenue Service, Commissioner;
IRS ACS Operations Manager Mary Hannah;
and RBS Citizens, N.A.


**REPORT AND RECOMMENDATION**

Pro se plaintiff, Ghislain Alyre Lucien Joseph Breton, has filed a complaint (doc. no. 1) and a motion for preliminary injunction (doc. no. 3).  The complaint is before the court for preliminary review to determine, among other things, whether it states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  The motion for a preliminary injunction is before the magistrate judge for proposed findings and a recommendation as to disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  See Order (doc. no. 4).


Background

In July 2012, plaintiff contacted the Internal Revenue Service ("IRS") to dispute a notice regarding an error on his 2009 tax return.  An IRS agent told him that the IRS would

review his 2009 tax return only if he agreed to enter into an installment agreement on the balance due.  Plaintiff told the agent to send him an agreement.

In September 2012, plaintiff received a letter from the IRS stating that he owed back taxes, penalties, and interest for Tax Year 2009, totaling $4,322.37.  Several days later, in September 2012, plaintiff asserts, he received an installment agreement from the IRS.  The complaint fails to state whether plaintiff accepted the agreement, or made any payments on it.

On February 23, 2013, plaintiff received a Notice of Levy from the IRS.  The Notice of Levy, filed as an exhibit in this case, states that plaintiff's liability for unpaid taxes, penalties, and interest for the 2009 Tax Year, totaled $4,571.85.  Plaintiff asserts that he contacted the IRS by phone two days after receiving the Notice of Levy, to inquire whether the IRS had completed its review of his 2009 tax return, and an agent told him that the IRS had not yet completed that review. Compl. at 8 (doc. no. 1).

In a letter dated February 26, 2013, RBS Citizens, N.A. ("Citizens Bank") notified plaintiff that the IRS had served a levy on plaintiff's bank account, and that unless the IRS released the levy within twenty-one days, Citizens Bank would

turn those funds over to the IRS as required by law.  See Ex. B
to Compl. at 20 (doc. no. 1).  The amount of funds in the
account subject to the levy totaled less than the amount of
unpaid taxes, penalties, and interest listed in the Notice of
Levy for Tax Year 2009.  Plaintiff called Citizens Bank to
dispute the levy, and a representative told him that the bank
had investigated the matter and planned to stand by the validity
of the levy and to turn over funds to the IRS as required.

Plaintiff denies that he is required to pay taxes; he
disputes the IRS's statement of amounts owed for Tax Year 2009;
and he claims that the IRS lacked statutory authority to levy
funds in his bank account.  Plaintiff claims that defendants
have engaged in federal crimes, have acted in excess of the
IRS's statutory authority, and have violated his Fourth
Amendment rights and Fifth Amendment right to due process.
Plaintiff also claims that defendants are liable to him for a
number of torts actionable at common law.  Plaintiff seeks
injunctive and monetary relief, including a refund of taxes and
civil damages, and he moves for a preliminary injunction to
prevent the transfer of his bank account funds to the IRS, until
the IRS files in this court a verified statement of his debts

for unpaid taxes.  See Mot. at 1 (doc. no. 3); Compl. at 7 (doc. no. 1).

## Discussion

I.   Preliminary Review of Complaint

    A.   Standard

    The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

    In determining whether such a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (citation omitted); Sepúlveda-Villarini v.
Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

    B.   Anti-Injunction Act, 26 U.S.C. § 7421(a)

    The Anti-Injunction Act, 28 U.S.C. § 7421(a), limits this
court's jurisdiction to enjoin the IRS's collection activities.
That statute provides that "no suit for the purpose of
restraining the assessment or collection of any tax shall be
maintained in any court by any person . . . ."  26 U.S.C.
§ 7421(a); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132
S. Ct. 2566, 2582 (2012) ("This statute protects the
Government's ability to collect a consistent stream of revenue,
by barring litigation to enjoin or otherwise obstruct the
collection of taxes.  Because of the Anti-Injunction Act, taxes
can ordinarily be challenged only after they are paid, by suing
for a refund.").

    The Supreme Court has construed the Anti-Injunction Act to
include an equitable exception, allowing a plaintiff to file an
action to restrain the collection of taxes if the plaintiff
shows that "under no circumstances could the Government
ultimately prevail," and if "equity jurisdiction otherwise
exists."  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7
(1962).

Here, plaintiff has failed to show that the administrative levy will certainly be found invalid.  Plaintiff has failed to show how the levy procedures employed in his case contravened any statute or regulation.  See United States v. Nat'l Bank of Commerce, 472 U.S. 713, 721 (1985) ("[i]t is well established that a bank account is a species of property 'subject to levy' within the meaning of [26 U.S.C.] §§ 6331 and 6332" (citations omitted)); Rogers v. Vicuna, 264 F.3d 1, 6 (1st Cir. 2001) (rejecting as "absurd" taxpayer's contention that IRS's power to levy applies only to salary and wages of federal employees). The IRS does not need a court order to collect taxes through an administrative levy, see 26 U.S.C. §§ 6331 and 6502(a).  The "constitutionality of the levy procedure . . . 'has long been settled.'"  Nat'l Bank of Commerce, 472 U.S. at 721 (quoting Phillips v. Comm'r of Internal Revenue, 283 U.S. 589, 595 (1931)); see also Oropallo v. United States, 994 F.2d 25, 31 (1st Cir. 1993) ("it is well settled that post-collection judicial review accords a taxpayer all the process that is due under our tax laws"); Lojeski v. Boandl, 788 F.2d 196, 199-200 (3d Cir. 1986) (warrantless levy on bank accounts did not violate Fourth Amendment (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 352 and 354 (1977)).  Accordingly, the

6

court should dismiss plaintiff's claims, to the extent that they seek to enjoin the levy, or otherwise restrain the IRS's collection proceedings.

### C.    Exhaustion of Administrative Remedies

In addition to asserting claims for injunctive relief, plaintiff seeks a refund of taxes he has paid since 1980, as well as civil damages.  As to the refund claim, section 7422(a) of the Internal Revenue Code requires a taxpayer to file an administrative claim before filing an action in court:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).  Nothing filed in this action suggests that plaintiff has exhausted his administrative remedies with respect to his refund claim.  A "claim or theory not explicitly or implicitly set forth in the taxpayer's administrative refund application cannot be broached for the first time in a court in which a subsequent refund suit is brought."  Muskat v. United States, 554 F.3d 183, 195 (1st Cir. 2009).

Plaintiff's claim for civil damages is that IRS agents engaged in tortious conduct and without statutory authority in collecting taxes and levying his bank account. Before civil damages may be awarded to a taxpayer who asserts such claims, the taxpayer must exhaust his administrative remedies. See 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." (emphasis added)); see also Nogueras-Cartagena v. United States, 125 F. App'x 323, 327 (1st Cir. 2005) ("section 7433 claims may only be brought after exhaustion of administrative remedies").

In the First Circuit, the exhaustion of administrative remedies, required by the statutes governing plaintiff's claims for refunds and for civil damages, is jurisdictional. See Muskat, 554 F.3d at 195-96 (court lacked jurisdiction over claim for refund that taxpayer had omitted from administrative phase of his refund claim); Nogueras-Cartagena, 125 F. App'x at 327. Although plaintiff has alleged that he made informal inquiries to the IRS about his 2009 income tax return and the amount of unpaid taxes due, nothing asserted in the complaint suggests that plaintiff filed a proper administrative claim, or that such

a claim was denied.  Accordingly, the court should dismiss plaintiff's claims for a refund of federal taxes, and for civil damages arising from the allegedly tortious conduct of IRS agents, for failure to exhaust administrative remedies and lack of subject matter jurisdiction.

 D.   Federal Claims against IRS Agent Mary Hannah

 Plaintiff asserts that an individual IRS employee, Mary Hannah, violated his federal constitutional rights by serving a levy on his bank account without first obtaining a court order. For reasons stated more fully above in this report and recommendation, plaintiff's constitutional claims lack merit.

 Furthermore, there is no federal cause of action for the claims against the IRS agent.  The federal civil rights law cited by plaintiff, 42 U.S.C. § 1983, authorizes actions against "state" actors, not federal agents, and the line of cases starting with Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (authorizing damages claims against federal agents who violate individual rights), does not apply here. "[C]ourts have consistently found that taxpayers could not claim damages under Bivens against individual IRS agents."  Johnson v. Barr, No. 12-2353, 2013 WL 1092872 (4th Cir. Mar. 18, 2013); accord Hudson Valley Black Press v. IRS, 409 F.3d 106, 113 (2d

Cir. 2005) (citing, inter alia, McMillen v. U.S. Dept. of Treasury, 960 F.2d 187, 190-91 (1st Cir. 1991)).

Similarly, plaintiff's references to 42 U.S.C. §§ 1985 and 1986, and the Federal Debt Collection Act ("FDCA"), are inapposite.  The FDCA provides no right of action against IRS agents, Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008) (citing 15 U.S.C. § 1692a(6)(c)), and there are no allegations of racial discrimination or any other class-based invidious discrimination, as is required to state claims under sections 1985 and 1986, see Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 34 (1st Cir. 1996); see also Yellen v. Boyd Gaming Corp., 481 F. App'x 357 (9th Cir. 2012).  Accordingly, the court should dismiss plaintiff's federal constitutional claims asserted against the individual IRS agent.

   E.   Remaining Claims

Plaintiff's remaining claims are asserted against a private party, Citizens Bank.  Plaintiff alleges that the bank conspired with the IRS in levying his bank account, and that the bank engaged in fraud, trespass, and a breach of fiduciary duties with respect to the levy on his bank account.

The complaint does not indicate whether the funds at issue have been turned over to the IRS, but that lack of clarity in

the complaint does not provide a basis for allowing the claims to proceed.  If Citizens Bank has already tendered the levied funds from plaintiff's bank account to the IRS, plaintiff's claims against Citizens Bank are barred by section 6332 of the Internal Revenue Code.  See 26 U.S.C. § 6332(e) (immunizing from liability to taxpayer any person who surrenders to IRS any property subject to levy).  If the funds have not yet been turned over, plaintiff has failed to plead any facts showing how Citizens Bank has breached any duty owed to plaintiff or caused him any harm by its actions with respect to the levy. Accordingly, the court should dismiss the remaining claims asserted in this action against defendants, for failure to state a claim upon which relief can be granted.

II.  Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  Demonstrating a likelihood of success

on the merits is a prerequisite to obtaining preliminary injunctive relief.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

For reasons set forth above, plaintiff has failed to show a likelihood of success on the merits of any claim in this action. Moreover, the Anti-Injunction Act bars plaintiff's claims seeking to enjoin the IRS from levying his bank account until it first files a verified account of all taxes he owes. Accordingly, the court should deny the motion for a preliminary injunction (doc. no. 3).

### Conclusion

For the foregoing reasons, the court should deny the motion for a preliminary injunction (doc. no. 3) and dismiss all claims asserted in the complaint (doc. no. 1).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 10, 2013

cc:  Ghislain Alyre Lucien Joseph Breton, pro se

LBM:nmd