Ghislain Alyre Lucien Joseph, House of Breton

# The United States of America
## United States District Court
### for the District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2013 APR 22 P 3:40



| | |
|---|---|
| Ghislain Alyre Lucien Joseph,<br>House of Breton<br>             against,<br><br>Commissioner of Internal Revenue<br>and<br>ACS Operations Manager Mary Hannah<br>and<br>RBS CITIZENS,<br>NATIONAL ASSOCIATION et al | Case #<br>1:13-cv-00136-sm<br>Objection and<br>Request to Vacate<br>the<br>Magistrates "Report and<br>Recommendation"<br>and<br>to hold in contempt those<br>responsible for the delay<br>of process service. |

**<u>Comes Now</u>:**

I, Ghislain Alyre Lucien Joseph, of the House of Breton, one of the People of New-Hampshire and of the United States, herein after Tribunal, am present before this Court of Record to notice it of facts it appears to have overlooked;

With respect to this case the Claimant is not "appearing""pro se"; the Claimant himself stands facing this Court in his own proper status as one of the People.

Ghislain Alyre Lucien Joseph, House of Breton

This Court is indeed an Article III court of record and as such, the law of this common law case was decreed by the Claimant in exhibit "C" of his Declaration of Trespass which was first filed by the Claimant in this court of record on the Seventeenth day of March of this current year.

A court of record proceeds according to the common law and not according to code, statues or any other rules authorized by the People of the United State for the good administration of their government.

In a court of record the Magistrate is independent of the Tribunal and may only act in accord with the requests made by the parties in the case which are consistent with the law of the case until such time as a fully empowered Jury sits in Trial of the nature and substance of the Claimants Declaration.

The Magistrate claims that the Claimant cited case law in his Declaration when in fact the Claimant does not rely on any authority but that of the Sovereign authority of the People; the Claimant merely used the words of wisdom found in the language of those cases to better express his opinions and wishes to the Court and as such made reference to those citations of origin in an effort to credit those who first penned those words.

The Magistrate was not authorized by the Claimant or the Tribunal to review, report or recommend anything pertaining to the case as this would

be inconsistent with the rules and procedures of common law, and is certainly inconsistent with the laws decreed by the Claimant in this case.

There is evidence throughout the Magistrates report, that the Magistrate is using some form of law not authorized by the Claimant or the Tribunal in this case and thus the Magistrate shows contempt for the laws of this case that appear to be clearly stated in the above-mentioned Exhibit "C". For example: the Claimant is one of the People and not a person that fills one of the seats of government and thus the Claimant has no administrative remedy to exhaust.

Of greater concern to the Tribunal than the behavior of the Magistrate, is the behavior of the process servers who have not yet completed service upon the defendants in this case. A Claimant should have a reasonable expectation of honest service in a court of record and to disappoint that expectation is to breach the very public trust upon which this court exists.

Based on the Claimants Verified Declaration of Trespass, the Tribunal sees no reason to refuse the Claimant the protection of this Court; the Claimants assets should be restored and protected pending the disposition of this case through the proper procedures and rules of the common law.

The conclusion of the Tribunal, based on his knowledge of the law of this case as stated in Exhibit "C" of the Claimants Verified Declaration of Trespass, is that the Magistrates "Report and Recommendation" should be

vacated forthwith and that the persons responsible for delaying the process service upon the defendants should be held in contempt and fined two silver United States dollars for each defendant not yet properly served.

It is therefore the wish of the Tribunal that the above be so ordered by pre-siding Judge Steven J. McAuliffe.

_____
Ghislain Alyre Lucien Joseph, House of Breton

**ON THIS TWENTY-SECOND DAY OF APRIL TWO THOUSAND AND THIRTEEN**

I _____ , WITNESSED GHISLAIN: BRETON'S AUTOGRAPH ABOVE.

SIGNED _____

I _____ , WITNESSED GHISLAIN: BRETON AUTOGRAPH ABOVE.

SIGNED _____

RECEIVED BY: _____   TITLE: _____